**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**Francis Henderson ROBINSON,**
**Defendant-Appellant.**

**No. 71-2473.**

United States Court of Appeals,
Fifth Circuit.

April 3, 1972.

Rehearing Denied May 5, 1972.

Roderick P. Stout, Mobile, Ala., Court-appointed, for defendant-appellant.

Charles S. White-Spunner, Jr., U. S. Atty., Irwin W. Coleman, Jr., Asst. U. S. Atty., Mobile, Ala., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and BELL and SIMPSON, Circuit Judges.

PER CURIAM:

The warrantless search in question here was based on adequate probable cause. See Draper v. United States, 1959, 358 U.S. 307, 79 S.Ct. 329, 3 L. Ed.2d 327; United States v. Acosta, 5 Cir., 1969, 411 F.2d 627; and cf. United States v. Edwards, 5 Cir., 1971, 441 F.2d 749. The case of Potter v. United States, 5 Cir., 1966, 362 F.2d 493, is not controlling. There was no reliable informer in that case and here the contrary is true.

There is no merit whatever in the claim, asserted by appellant pro se, that there was no basis for the complaint filed against appellant with the United States Commissioner and the resulting arrest warrant. We have considered each of appellant's other pro se allegations of error and they are without merit. For example, appellant can take no comfort from the fact that the informant reported to one officer who, in turn, relied on other officers to make the search and arrest. The effort against appellant was a common enterprize. Cf. Brooks v. United States, 5 Cir., 1969, 416 F.2d 1044.

We also reject the contention of appellant, which contention is implicit in his pro se filings with the court, that his court-appointed counsel is in anywise inadequate for Sixth Amendment right to counsel purposes.

Affirmed.